UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANAEL MANZER and DANIELLE
DEAN-MANZER,

                                                      3:21-cv-00577 (BKS/ML)

                           Plaintiffs,

v.

PRIDE MOBILITY PRODUCTS CORP.,
QUANTUM REHAB, and MAXIMUM
MOBILITY, LLC,

                           Defendants.
_____

**Appearances:**

*For Plaintiffs:*
Edward J. Smith, III
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202

*For Defendants Quantum Rehab and Pride Mobility Products Corp.:*
Neil L. Sambursky
Jeffrey D. Schulman
Pillinger Miller Tarallo, LLP
126 N. Salina Street, Suite 215
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER OF REMAND

       Defendants Quantum Rehab and Pride Mobility Products Corp. (the "removing Defendants") removed this action from New York State Supreme Court, Tioga County, asserting that this Court has subject-matter jurisdiction over Plaintiffs' state law claims under the diversity jurisdiction statute, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28

U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists. *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

The notice of removal asserted that the jurisdictional amount is met and that "complete diversity exists" because Plaintiffs are citizens of New York, Defendant Pride Mobility Products Corp., is a Pennsylvania corporation with its principal place of business in Pennsylvania, and Defendant Quantum Rehab is a division "within Pride without a corporate existence." (Dkt. No. 1, ¶¶ 6, 8–9, 12–13, 15–16). However, as the notice of removal set forth no allegations as to

Defendant Maximum Mobility LLC's membership, the Court found it failed to show complete diversity and issued an Order to Show Cause directing the removing Defendants to show cause why this matter should not be remanded for lack of subject matter jurisdiction, (Dkt. No. 4). *See Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company . . . takes the citizenship of each of its members.").

In a response filed on June 11, 2021, the removing Defendants stated they recently learned that "the sole member of Maximum Mobility, LLC is a New York resident." (Dkt. No. 6, at 1). As the removing Defendants correctly acknowledge, because both Plaintiffs and Defendant Maximum are citizens of New York "there is no diversity of citizenship and subject matter jurisdiction is not indicated for Federal Court," (*id.*). *See Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020) ("It is axiomatic that 'diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships.'" (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001)). In the absence of subject matter jurisdiction, the Court must remand this matter back to New York State Supreme Court, Tioga County.

Accordingly, it is

**ORDERED** that this case is remanded to the New York State Supreme Court, Tioga County, Index No. 2021-00061776, and it is further

**ORDERED** that the Clerk shall mail a certified copy of this Order of Remand to the clerk of the New York Supreme Court in Tioga County.

**IT IS SO ORDERED.**

Dated: June 11, 2021
Syracuse, NY

Brenda K. Sannes
U.S. District Judge

3